IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

IN THE MATTER OF:                )         CASE NO. BK07-40021
                                 )
KAREN SUE PRICE,                 )
                                 )         CH. 13
                                 )
            Debtor(s).           )

ORDER

Hearing was held in Lincoln, Nebraska, regarding Filing No. 10, Chapter 13 Plan, filed by the debtor, and Filing No. 12, Objection to Confirmation of Plan, filed by the Chapter 13 Trustee. John Hahn appeared for the debtor and Marilyn Abbott appeared for the Chapter 13 Trustee.

The debtor has presented a Chapter 13 plan which provides that it will be funded by the sale of the debtor's residence. The debtor anticipates that the residence, which she believes has a value of approximately $200,000, and a debt against it secured by a deed of trust in the amount of $140,000, will be sold by June 15, 2007. After payment of the lender with the lien on the home, the balance of the proceeds will be delivered to the trustee for distribution to unsecured creditors.

The scheduled unsecured claims amount to approximately $51,000. If the house sells for anything close to $200,000, the unsecured claim holders will receive a significant distribution.

The Chapter 13 Trustee has objected to the plan. The trustee suggests that the plan may be an abuse of the bankruptcy process and the debtor may not be eligible for Chapter 13 relief.

The debtor's expenses are in excess of her income whether the house is sold or not. The Code, at 11 U.S.C. § 109(e), provides that only an individual with regular income may be a debtor under Chapter 13. 11 U.S.C. § 101(30) defines "individual with regular income" as an "individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13." Therefore, on a strict reading of the definitions, the debtor, who does not have sufficient income to make payments on a Chapter 13 plan, is not eligible for Chapter 13 relief. However, 11 U.S.C. § 1322(b)(8) permits a plan to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." This debtor has expenses which are in excess of her income. She also has a house, which is property of the estate or property of the debtor, which she is willing to liquidate to make a significant payment to unsecured creditors.

The debtor has entered into a stipulation settling a motion for relief from the automatic stay which was filed by Argent Mortgage Company, L.L.C. ("AMC"). The stipulation provides that the debtor will pay off AMC before June 15, 2007, and if she does not do so, AMC will be granted relief from the automatic stay. This stipulation is a great incentive for the debtor to get the house sold in a short period of time.

There are a number of cases denying confirmation of a plan which proposed to use liquidated assets, and not regular income, to fund a Chapter 13 plan. See In re Lindsey, 183 B.R. 624 (Bankr. D. Idaho 1995); In re Anderson, 21 B.R. 443 (Bankr. N.D. Ga 1981); In re Hogue, 78 B.R. 867 (Bankr. S.D. Ohio 1987); In re Iacovani, 2 B.R. 256 (Bankr. D. Utah 1980).

      On the other hand, the court in the case of In re Ratmansky, 7 B.R. 829 (Bankr. E.D. Pa. 1980), acknowledged that a Chapter 13 debtor need not have a regular source of income, since 11 U.S.C. § 1322(b)(8) provides that a Chapter 13 plan may provide for payments to unsecured creditors from the sale of a debtor's property, rather than from future income. However, in Ratmansky, the debtor had not offered to sell the property to fund the plan and therefore the plan was denied confirmation. A case that did permit confirmation of a plan which proposed to make payments from the liquidation of assets is In re Moore, 17 B.R. 551 (Bankr. N.D. Fla. 1982). A recent case, In re McCollum, 348 B.R. 377 (Bankr. E.D. La. 2006), permitted a modification of a plan by allowing a debtor to sell his house and use the lump sum to pay off creditors early.

      In this case, practically speaking, it is in the best interest of the unsecured creditors to allow confirmation of this plan. If the house sells, the creditors will be paid a major portion of their claim in a short period of time. The debtor, who has very little, if any, interest in the potential proceeds, is using her best efforts to sell the property and benefit the creditors. If she is unsuccessful, the lien creditor will attempt to foreclose and will not have the interests of the other creditors in mind. Instead of allowing such a foreclosure if the property is not sold on a timely basis, the best interest of the creditors can be protected by conversion to Chapter 7 to permit a trustee to employ the services of a professional and attempt to sell the property to obtain equity for distribution to the unsecured creditors.

      Considering the equities and the arguably inconsistent language of § 101(30) and § 1322(b)(8), I find that this plan can and should be confirmed. However, if it fails, the case should be converted to Chapter 7 so that the trustee will have an opportunity to sell the property and obtain the equity for the unsecured creditors.

      IT IS ORDERED that:

      1. The objection of the Chapter 13 Trustee (Fil. #12) is denied. The plan (Fil. #10) may be confirmed;

      2. If the Chapter 13 plan fails, the case shall be converted to Chapter 7.

      DATED this 7th day of May, 2007.

      BY THE COURT:

      /s/ Timothy J. Mahoney
      Chief Judge

Notice given by the Court to:
    *John Hahn
    Marilyn Abbott
    United States Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.